IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Demetrius Jackson, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-11631-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Publix Super Markets Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises from Defendant Publix Super Markets' alleged refusal to allow *pro se* Plaintiff Demetrius Jackson to purchase a money order. Now before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 89), recommending the district judge grant Defendant's motion to dismiss, (ECF No. 55), and deny Plaintiff's motion to, among other things, strike (ECF No. 71).[1] As set forth herein, the court denies Plaintiff's motion, (ECF No. 71), and grants Defendant's motion to dismiss, (ECF No. 55).

## BACKGROUND

Plaintiff filed this action in state court on July 18, 2025. (ECF No. 1-1). As will be discussed, the parties dispute when Plaintiff served Defendant the summons and complaint as well as whether such service was proper. On August 26, 2025, Plaintiff filed a motion for entry of default and default judgment, arguing Defendant failed to timely file an answer or otherwise respond to the complaint. (ECF No. 71-3 at 28-30). The following day, Defendant removed this

---

[1] This matter was referred to a magistrate judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02.

action to federal court,[2] (ECF No. 1 at 1), and it filed a motion to dismiss on August 28, 2025,[3] (ECF No. 5). Plaintiff subsequently filed a motion to amend his complaint,[4] (ECF No. 12), which the magistrate judge granted, (ECF No. 33).[5]

In his amended complaint, Plaintiff, an African American male, contends that, on or about July 14, 2025, he sent his caregiver, a Caucasian female, to one of Defendant's stores to purchase a money order. (ECF No. 34 at 1-2). Though his caregiver presented a "valid ID and documentation," Plaintiff contends she was denied the money order after being interrogated about its purpose. *Id*. at 2. Accordingly, Plaintiff subsequently entered the store and requested a money order; however, the manager "publicly accused Plaintiff of suspicious behavior and denied the transaction in a loud, condescending tone." *Id*. Despite previously purchasing money orders from

---

[2] It does not appear from a review of the state court docket that any action was taken on the motion for entry of default and default judgment. Plaintiff filed a motion for entry of default and default judgment following the removal of this case. (ECF Nos. 13, 14). This motion, which was construed as both a motion for default as well as a motion to remand, was found moot in light of the filing of the amended complaint. (ECF No. 36).

[3] This motion was fully briefed. (ECF Nos. 17, 20, 21, 24).

[4] Notably, Plaintiff conceded in this motion that the court has jurisdiction over this case. (ECF No. 12-1). After Plaintiff filed his motion to amend his complaint but before the motion was granted, Defendant filed another motion to dismiss, (ECF No. 30), which was also fully briefed, (ECF Nos. 44, 45, 48, 56, 66).

[5] With the filing of the amended complaint, (ECF No. 34), the magistrate judge found Defendant's motions to dismiss at ECF Nos. 5 and 30 moot, (ECF Nos. 35, 83). *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (recognizing "[t]he general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect"); *Springs v. Ally Fin., Inc.*, No. 3:10-cv-311-RJC-DCK, 2010 WL 4818669, at *4 (W.D.N.C. Oct. 14, 2010), *report and recommendation adopted*, No. 3:10-cv-311-RJC-DCK, 2010 WL 4823242 (W.D.N.C. Nov. 19, 2010) (noting "[i]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot"); *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (explaining that an "amended complaint renders the defendants' pending motions to dismiss that are related to the superseded complaint as moot").

this store, this time his money was returned, and he was advised to come back the following day, which Plaintiff claims violated the store's policies and caused him public humiliation and emotional distress. *Id*. Plaintiff asserts Defendant violated 42 U.S.C. § 1981, Title II of the Civil Rights Act of 1964, and South Carolina's Public Accommodations Law. *Id*. at 2-4. In addition to these causes of action, Plaintiff also brings claims for intentional infliction of emotional distress and negligent hiring, training, and supervision. *Id*.

Following the filing of the amended complaint, Defendant filed the instant, operative motion to dismiss, arguing this case should be dismissed because Plaintiff never properly served the summons and complaint *and* because Plaintiff failed to state a claim upon which relief can be granted. (ECF No. 55). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment and motion to dismiss procedures and the possible consequences for failing to properly respond. (ECF No. 57). Defendant's motion has been *fully* briefed. (ECF Nos. 60, 61, 67,[6] 69, 91[7], 92, 93).

Plaintiff in turn filed the motion at ECF No. 71 wherein he asks the court to deny Defendant's motion to dismiss, to strike Defendant's filings at ECF Nos. 55, 66 and 67, to enter

---

[6] Plaintiff asks this court to strike Defendant's reply to Plaintiff's response in opposition to the motion to dismiss at ECF No. 67 as well as Defendant's reply to Plaintiff's response in opposition to Defendant's second motion to dismiss. (ECF No. 71 at 3). As discussed in a separate order ruling on another motion seeking the same relief, a reply is not a pleading subject to strike under Rule 12. Moreover, there is no indication these replies are "duplicative" as Plaintiff contends.

[7] Plaintiff filed a motion to file a sur-reply, asking the court for leave to file additional pages for this court to consider. (ECF No. 91). As set forth in an order issued contemporaneously with this order, the court granted that motion and has considered these filings as well as those at ECF Nos. 92-94. As a point of clarification, however, the court notes that, throughout Plaintiff's recent filings, he refers to the Clerk of Court's "delayed docketing" of certain filings. While Plaintiff is correct that he filed the 197 pages of documents at ECF Nos. 91-94 on October 10, he did so that Friday afternoon. With Monday, October 13, 2025, being a federal holiday, his filings were docketed in the morning of Tuesday, October 14, 2025, as shown on the CM/ECF receipts for each of these filings. Plaintiff must be mindful that his case is not the only case pending in this district.

default as to Defendant, to grant his subpoena request, and to issue a Rule 11 show-cause order as to Defendant's allegedly false statements.[8] (ECF Nos. 71, 73-1). Much of the relief sought in this motion has been requested in Plaintiff's other motions that have already been ruled on in other orders.[9] Plaintiff also reiterates many of the same arguments raised in those motions, including his position that "default attached before removal," that the removal of this action was untimely, and that defense counsel misrepresented the date of service. (ECF Nos. 71, 71-1, 71-2. 71-4). "Given Plaintiff's request that the Court deny Defendant's Motion to Dismiss and arguments regarding remand, the [magistrate judge] . . . issued a recommendation on this Motion" as well. (ECF No. 89 at 17).

In the Report, the magistrate judge determined Plaintiff has not met his burden under Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") of showing that he properly served Defendant. (ECF No. 89 at 16). Still, "[i]n light of Plaintiff's *pro se* status, Defendant's actual notice of this lawsuit, and the lack of prejudice to Defendant," the magistrate judge recommends the district judge *decline to dismiss* this matter *based on improper service*, uphold the court's jurisdiction, and *dismiss* this matter *on the merits* pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in his Report. *Id*. The magistrate judge also recommends the district judge deny Plaintiff's motion at ECF No. 71. Plaintiff filed objections to the Report. (ECF Nos. 99,

---

[8] This motion has also been fully briefed. *See, e.g.*, (ECF Nos. 74, 75, 81, 94).

[9] *See* (ECF No. 98) (asking the court to strike, among other things, the filings at ECF Nos. 55, 66, and 67); (ECF Nos. 13 and 53) (moving the court to enter default judgment as to Defendant and to reconsider its order mooting his motion to enter default judgment); (ECF No. 49) (seeking a "subpoena to produce documents, information, or objects" directed to Western Union Financial Services, Inc.); (ECF No. 54) (moving for Rule 11 sanctions for, among other things, defense counsel's alleged misrepresentation of material facts concerning the date of service).

105[10], 107, 108), and the court will review them in accordance with the standard set forth below.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017);

---

[10] Plaintiff styled this filing as a supplemental motion in further objection to the Report. The court GRANTS this motion to the extent it seeks for the court to consider the information therein, and has considered this filing as well.

*see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id.* Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**DISCUSSION**

In his objections, Plaintiff reiterates that he properly served Defendant, that this action was untimely removed, and that Defendant misrepresented the date of service as July 29, 2025. (ECF No. 99 at 3). Accordingly, the court will provide a *de novo* review of these issues.

The removal statutes allow for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, [to] be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). It is undisputed that this court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (ECF Nos. 1; 12-1). Plaintiff's challenge instead lies in a perceived procedural defect in the timeliness of the removal.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Here, the instant motion was filed over thirty days after the filing of the notice of removal. Therefore, to the extent Plaintiff asks this court to remand this case based on the alleged untimeliness of the removal, such request is untimely. However, because Plaintiff has challenged the timeliness of the removal in documents filed with the court within the thirty-day period for raising a motion to remand, the court will proceed to address the timeliness of the removal out of an abundance of caution.

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). This action was removed on August 27, 2025. *According to the notice of removal*, Plaintiff served Defendant on *July 29, 2025*.[11] (ECF No. 1 at 1). While Plaintiff initially agreed with this date of service,[12] Plaintiff now argues he served Defendant the summons and

---

[11] Though Defendant contends it was never properly served, it removed the case and responded to the complaint "out of an abundance of caution." (ECF No. 103 at 1 n.2). It also submitted a declaration of Ali Wright, Director of Labor & Employment in Defendant's Legal Department, who provided they received a copy of the complaint on July 29, 2025. (ECF No. 99-2 at 5).

[12] (ECF Nos. 13 at 2; 13-1 at 2; 15-1 at 1; 15-2 at 1).

complaint on *July 22*, 2025; therefore, he contends removal was untimely and that Defendant "strategically" fabricated the July 29, 2025 deadline to avoid default exposure.[13] (ECF Nos. 71-1 at 1; 99 at 3).

Defendant is a corporation. Therefore, to be proper, service must meet the requirements of Fed. R. Civ. P. 4(h), which states, in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>
>   . . .

Fed. R. Civ. P. 4(h). Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, Plaintiff sent the summons and complaint through certified mail addressed to "Headquarters Publix c/o CEO Kevin Murphy." (ECF No. 17-8 at 4). However, it was received by "Dion Thomas," *id.*, a box truck carrier in Defendant's mail services department who lacks authority to open the mail, (ECF No. 99-2 at 3, 5). Accordingly, as the magistrate judge recognized, there is no evidence the mail was delivered "to an officer, a managing or general agent, or any

---

[13] *Compare* (ECF Nos. 13 at 4; 13-2 at 3) (where Plaintiff claims "removal was proper and timely") *with* (ECF No. 13 at 2) (where Plaintiff contends removal was untimely).

other agent authorized by appointment or by law to receive service of process" as required by Rule 4(h)(1)(B). There is also no evidence to support a finding that Plaintiff's service attempts satisfy either South Carolina's or Florida's service requirements for purposes of Rule 4(h)(1)(A).

South Carolina allows for service of corporations "by registered or certified mail return receipt requested and delivery restricted to the addressee." Rule 4(d)(8), SCRCP. As noted, however, the delivery was not restricted to the addressee and was instead received by an individual in the mail services department. Further, Plaintiff has failed to show he properly served Defendant in accordance with Florida's service requirements. *See* Fla. Stat. § 48.031(1)(a) (stating "[s]ervice of original process is made by *delivering* a copy of it to the person to be served . . . .") (emphasis added); Fla. Stat. § 48.081 (setting forth the requirements for service on a domestic corporation); Fla. R. Civ. P. 1.070(i) (allowing a defendant *to waive* service and accept service by mail); *Dixon v. Blanc*, 796 F. App'x 684, 688 (11th Cir. 2020) (recognizing "the Florida Rules generally permit service of process by certified mail only if the defendant agrees to waive personal service"). As noted in the Report, there is no evidence Defendant waived service. Accordingly, it does not appear Defendant was properly served the summons and complaint. Therefore, there is insufficient evidence to find this action was untimely removed, that Defendant failed to timely respond to the complaint, or that Defendant's assertion that service was effectuated on July 29, 2025 was a misrepresentation subject to sanctions under Rule 11.

Furthermore, *even assuming* Plaintiff properly served the summons and complaint on Defendant on July 22, 2025 as he contends, his argument that removal was untimely has been waived by the filing of his amended complaint. *See Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010) (affirming the district court's denial of a motion to remand, finding that, even assuming the cases were improperly removed, the amended complaints were filed after the

10

cases were removed but before the plaintiffs moved to remand and noting that "it would be a waste of judicial resources to remand these cases on the basis of an antecedent violation of the removal statute now that jurisdiction has been established"); *Christopher v. St. Vincent De Paul of Baltimore*, *Inc.*, No. RDB-14-3184, 2015 WL 3745025, at *4 (D. Md. June 11, 2015) *aff'd*, 631 F. App'x 138 (4th Cir. 2016) (denying the plaintiff's motion to remand, which was filed the same day as her second amended complaint that "clearly gave rise to federal jurisdiction," concluding the plaintiff "waived any right to remand when she filed a Second Amended Complaint on the same day she filed the present Motion to Remand"). Accordingly, since both parties have consented to this court's jurisdiction, the court denies Plaintiff's motion to the extent his motion can be construed as asking this court to remand the case to state court.[14] Plaintiff's objections are hereby

---

[14] The court notes that, while Plaintiff argues removal was untimely, he does not ask the court to remand this case or contend the court lacks jurisdiction over this case. (ECF Nos. 61, 71). Instead, he appears to use the timeliness of the removal as the basis for his argument that he is entitled to default judgment. *See, e.g.*, (ECF No. 71 at 1) (where Plaintiff argues Defendant's alleged failure to timely respond to the complaint and its alleged untimely removal "compel dismissal of Defendant's filings"); (ECF No. 61 at) (asking the court to "reinstate or enter Default Judgment"). However, Plaintiff fails to appreciate that, regardless of whether the removal was timely, his *amended* complaint is the operative complaint. There is no argument that Defendant failed to timely respond to the *amended* complaint. Therefore, Plaintiff's quest to enter default judgment based on his belief that removal was untimely is moot, as stated in the magistrate judge's order at ECF Nos. 36, 87.

**OVERRULED**[15] and his motion at ECF No. 71 is **DENIED**.[16] Having confirmed the court's jurisdiction over this case, the court will now turn to Defendant's motion to dismiss.

Defendant contends the court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 55). The magistrate judge recommends the court grant the motion and dismiss the case on the merits. (ECF No. 89). Plaintiff did not file objections to the portion of the Report concerning Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the court must only review the magistrate judge's recommendation for clear error. Having found none, the court adopts the magistrate judge's recommendation and grants Defendant's motion to dismiss on the basis that Plaintiff has failed to state a claim upon which relief may be granted, (ECF No. 55).[17]

## CONCLUSION

Accordingly, the court **ADOPTS** the recommendation in the Report, (ECF No. 89), and

---

[15] In his objections, Plaintiff also asks this court to vacate the magistrate judge's orders at ECF Nos. 83-88. (ECF No. 99 at 1). Plaintiff subsequently filed a motion seeking this relief, (ECF No. 114), which has been addressed in a separate order. Plaintiff also objects to the operative motion to dismiss, arguing it is improper under Fed. R. Civ. P. 12(g). However, Plaintiff subsequently moved to strike the operative motion to dismiss for the same reason (ECF No. 98), and such motion was likewise addressed in a separate order. Plaintiff also objects to the Report on the basis that it was issued prematurely because he still had more time to respond to the Roseboro order. (ECF No. 105-2). The court addresses Plaintiff's misunderstanding of the Roseboro in a separate order issued contemporaneously with this order. In short, at the time the magistrate judge issued his Report, Plaintiff had already filed multiple responses in opposition to the pending motion to dismiss. Plaintiff is not entitled to submit unlimited responses within the window for doing so, and he has established no prejudice in the timing of the Report as the undersigned has considered his subsequently docketed filings and finds they do not alter his opinion on the issues addressed in the Report or in the orders at ECF Nos. 83-88.

[16] Again, in addition to seeking an order denying the motion to dismiss, sanctioning defense counsel under Rule 11, and entering default as to Defendant, in his motion at ECF No. 71, Plaintiff also asks this court to grant his motion for a subpoena and to strike Defendant's findings at ECF Nos. 66 and 67. These requests for relief are either moot or denied as stated elsewhere in this order.

[17] Accordingly, Plaintiff's request for discovery, (ECF No. 71 at 3), including issuance of the contested subpoena, is moot.

incorporates the Report herein, **DENIES** Plaintiff's motion at ECF No. 71, and **GRANTS** Defendant's motion to dismiss at ECF No. 55. This action is hereby **DISMISSED**.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
November 7, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.